UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NATIONAL PARTITIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CV-470-HBG |
| | ) | |
| LJH COMMERICAL CONTRACTING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(c), Rule 73 of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 34].

This case is before the Court on the Defendant's Motion to Compel Arbitration [Doc. 42]. Plaintiff has filed a Response in opposition. [Doc. 44]. Based on these filings, and the entire record in this case, the Court finds that the Motion [**Doc. 42**] is well taken, and it shall be **GRANTED**.

**I.      PROCEDURAL BACKGROUND**

Plaintiff filed this action on November 2, 2018. [Doc. 1]. However, the Plaintiff did not obtain service of process on the Defendant until February 8, 2019. [Doc. 21].

The Plaintiff seeks damages based on the alleged failure of the Defendant to perform its obligations under two contracts, copies of which are filed as exhibits to the Complaint. [Doc. 1, Exs. 1 and 2]. Paragraph 23 of each said contract provides that at the request of either party, disputes arising under the contracts shall be submitted to mandatory arbitration.

On February 12, 2019, less than a week after service of the Complaint, counsel for the Defendant sent, via email, a letter to counsel for the Plaintiff. In that letter, after addressing the

possibility of mediation, the Defendant states, in part: "By way of this correspondence, LJH is electing to enforce the arbitration provision in the subcontracts." [Doc. 42-1]. The letter went on to state that Defendant "will file its motion to dismiss/compel arbitration." [*Id.*].

Thereafter, on April 5, 2019, the Plaintiff filed a Motion to Stay Case [Doc. 25], asking the Court to "stay all proceedings," while the parties conducted a mediation to be scheduled for "May 6, 2019, or any Monday in June that a mediator would be available in Knoxville." The Court granted the motion, with the exception that the Defendant was ordered to file an Answer on or about May 8, 2019. [Doc. 26].

On May 8, 2019, the Defendant did file its Answer [Docs. 27, 38]. In paragraph nine of its Affirmative Defenses, the Defendant states: "This dispute is subject to an arbitration provision, and Defendant expressly reserves the right under both contacts to compel arbitration." [Doc. 38 at 3].

The case obviously did not settle through mediation, because the parties thereafter engaged in some written discovery. On January 7, 2020, the Defendant filed the present Motion.

## II. POSITIONS OF THE PARTIES

The Defendant asserts that the arbitration provisions of the subject contracts are mandatory, at the request of either party. Further, the Defendant states that the claims at issue in this case are within the scope of the arbitration agreements and that the Federal Arbitration Act requires the Court to compel arbitration.

The Plaintiff, in opposition, asserts that the Defendant has waived its right to compel arbitration by waiting from February 12, 2019, (the date of the Defendant's letter giving notice of the intent to file a Motion to Arbitrate) to January 7, 2020, before filing the present Motion. The

2

Plaintiff also alleges that it has been prejudiced by Defendant's "participation in this litigation without asserting its right to arbitrate." [Doc. 44 at 1].

### III. ANALYSIS

In support of its position, the Plaintiff relies on *Johnson Associates Corporation v. HL Operating Corp.*, 680 F.3d 713 (6th Cir. 2012). In *Johnson Associates*, the Court held that the district court properly denied the defendant's motion to compel arbitration, because the defendant took actions that were "completely inconsistent with any reliance on an arbitration agreement," and delayed its assertion to such an extent that the opposing party incurred actual prejudice. *Id.* at 718. To illustrate, the *Johnson Associates* Court cited *Manasher v. NECC Telecom*, 310 F. App'x 804 (6th Cir. 2009). In *Manasher*, the Sixth Circuit held that the defendant waived whatever right it had to arbitrate "by failing to plead arbitration as an affirmative defense and by actively participating in litigation for almost a year without asserting that it had a right to arbitration. . ." *Id.* at 806. The Court added, "[A] defendant's failure to raise arbitration as an affirmative defense shows his intent to litigate rather than arbitrate." *Johnson Associates*, 680 F.3d at 718.

The facts in the present case are opposite of the facts in *Johnson Associates* and *Manasher*. The Defendant here gave notice of its intent to pursue arbitration rights promptly after being served with the Complaint. The Plaintiff moved the Court to stay all proceedings while the parties engaged in mediation (which the contracts contemplated they could do prior to arbitration). The Defendant filed its Answer in May 2019, and did assert arbitration as an affirmative defense. The Court cannot find that the Defendant participated in litigation for any material length of time before raising its arbitration rights. Accordingly, there is no waiver of arbitration rights by the Movant.

In addition, there is no prejudice to the Plaintiff in this record. No issues are going to be relitigated by going to arbitration, and the Plaintiff has not incurred unnecessary delay or expenses.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion to Compel Arbitration [**Doc. 42**]. The Defendant requests that this action be dismissed [Doc. 42]. The Plaintiff does not respond to this particular issue. "The Sixth Circuit has further held that, when all of the issues before the District Court are subject to arbitration, the district court may dismiss the action rather than stay the proceedings." *Fason v. Terminix*, No. 2:13-CV-2978-SHL-CGC, 2014 WL 4181593, at *6 (W.D. Tenn. Aug. 20, 2014) (citing *Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000)) (concluding that, when all issues are subject to arbitration, "retaining jurisdiction and staying the action will serve no purpose"); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (rejecting the argument that 9 U.S.C. § 3 requires district courts to stay suits pending arbitration rather than dismiss them). Accordingly, because all the issues before the Court are subject to arbitration, the Court will hereby compel arbitration and dismiss this case.

ORDER ACCORDINGLY:

*/s/ Bruce Guyton*
United States Magistrate Judge